**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**TAHKIZALYN MARIK JENKINS**                                          **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 3:23-cv-305-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

<u>**ORDER**</u>

This matter is before the court on Plaintiff's complaint [1] for judicial review of the
Commissioner of the Social Security Administration's denial of a request for supplemental
security income. The parties have consented to entry of final judgment by the United States
Magistrate Judge, with any appeal to the Court of Appeals for the Fifth Circuit. Having considered
the record, the administrative transcript, the briefs of the parties, and the applicable law, the
undersigned finds the Commissioner's decision is supported by substantial evidence and should
be and is hereby **AFFIRMED.**

**Statement of the Case**

Plaintiff, Tahkizalyn Marik Jenkins, filed an application for supplemental security income
("SSI") on February 1, 2021, alleging disability from her application date through March 23, 2023,
the date of the ALJ's decision. Plaintiff alleged disability due to depression, anxiety, PTSD, leg
pain, and diabetes. The ALJ issued an Unfavorable Decision in this cause on June 29, 2022. (Tr.
124). Subsequent thereto, the Appeals Council issued an Order dated October 13, 2022, which
remanded this case to the ALJ.[1] Upon remand, Plaintiff underwent a subsequent telephonic

---

[1] The Appeals Council order provides that the case was remanded because the hearing decision did not contain a
discussion of the admissibility of untimely submitted evidence. Evidence related to the period at issue, from Region
One Mental Health Center, dated June 20, 2022, was not admitted into the record and the decision did not contain an
explanation for this omission. Upon remand, the evidence was instructed to be entered into the record. Tr. 152.

administrative hearing before the ALJ on March 14, 2023.

Present at the hearing were Plaintiff, her attorney, her mother, and an impartial vocational expert, Joshua Tilton. The ALJ issued an Unfavorable Decision in this cause on March 27, 2023, finding that Plaintiff has not been under a disability within the meaning of the Social Security Act. The Unfavorable decision was timely appealed to the Appeals Council, and the Appeals Council affirmed the decision of the ALJ on June 13, 2023.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since Plaintiff's application date, February 1, 2021. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: obesity, depressive disorder, and PTSD. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ found that "in understanding, remembering, or applying information, the claimant has a moderate limitation." Tr. 21. In making this finding, the ALJ noted:

> The record showed that she achieved a full-scale I.Q. of 41 and grade equivalencies of less than kindergarten during her consultative examination; however, Dr. Whelan noted, "It is clear that the claimant is deliberately trying to appear more impaired than she actually is, and it is noted that malingering was suspected in the former exam" (Exhibit B6F). The claimant appeared to have intact memory and normal presentation during other treatment visits during the relevant period (Exhibits B1F and B10F). The claimant reported that she could independently maintain personal needs and enjoyed watching television (Exhibit B6F). The record generally showed the claimant had no more than moderate limitation in understanding, remembering, or applying information.

Tr. 21-22.

In interacting with others, the ALJ found the claimant had a moderate limitation. Tr. 22. With regard to concentrating, persisting, or maintaining pace, the ALJ found that the claimant has a moderate limitation. Tr. 22. On this issue, the ALJ noted:

> The record showed the claimant received minimal treatment for mental health prior to the relevant period, and she received no mental health treatment during the relevant period. The claimant did appear to have genuine concern regarding her health during her consultative examination, but she also reported that she enjoyed watching television (Exhibit B6F). The record did not show the claimant had more than moderate limitations in concentrating, persisting, or maintaining pace.

Tr. 22.

As for adapting or managing oneself, the ALJ found claimant has experienced a moderate limitation. Tr. 22. Thus, because the ALJ found that the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, the ALJ concluded "paragraph B" criteria are not satisfied. Further, the ALJ found that the evidence failed to establish the presence of the "paragraph C" criteria because "[t]he record did not establish that the claimant had only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that were not already part of the claimant's daily life." Tr. 23.

The ALJ then found that claimant has the RFC to perform light work, with the following additional limitations:

> • Occasionally stoop, crouch crawl, kneel, climb ramps and stairs but no climbing ladders, ropes, or scaffolds
>
> • Perform simple, repetitive tasks but no fast production pace jobs
>
> • Occasional decision making and no more than occasional changes in the workplace or work processes and occasional interaction with supervisors, coworkers, and the public.

Tr. 23.

In reaching this RFC, the ALJ found that the claimant's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical records. The ALJ reasoned as follows:

> The claimant testified she was unable to work due to knee pain and symptoms of depression. The record, however, did not support the alleged loss of functioning. The record showed the claimant had obesity and limitations due to mental issues.

The records within the relevant period showed the claimant's BMI was over 30 and impaired the claimant's ability to move about freely. As discussed above, the records did not establish the claimant had more than moderate mental limitations. The claimant requested a mental consultative exam, but the undersigned denied the request because the PE determined the claimant malingered. Thus, the residual functional capacity reasonable accounted for the claimant's impairments with a reduced exertional level and limitations on work activities that might exacerbate her symptoms.

Tr. 24.

The ALJ found that Plaintiff had no past relevant work but had at least a high school education. At step five, the VE testified that given all of these factors the individual would be able to perform the requirements of: small products assembler (706.684-022), 18,000 jobs in the national economy reduced by 50% to 9,000; marker (209.587-034), 130,000 jobs in the national economy reduced by 50% to 65,000; or routing clerk (222.687-022), 105,000 jobs in the national economy reduced by 50% to 52,500. Tr. 26.

Accordingly, the ALJ found that Plaintiff was not disabled and denied her benefits application. On June 13, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

**Discussion**

Plaintiff raises one issue on appeal: whether the ALJ properly considered the medical opinion of Thelma Hubbard. Under our standard of review, conflicts in the evidence are for the Commissioner to resolve, and if the Court finds substantial evidence supports the ALJ's decision, the Court must affirm the decision even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

The ALJ stated in relevant part with respect to the medical opinion of Thelma Hubbard in

4

this present case:

> The undersigned found this opinion persuasive, as it generally concluded the claimant had moderate limitations in all areas of mental functioning, which was consistent with meant [sic] health records. In March 2023, the therapist updated her notes concerning ongoing therapy for the claimant. The therapist generally reiterated the opinion the claimant had moderate limitations in all areas of mental functioning and should continue therapy and psychiatric services because she had not improved.

Tr. 19-20.

Plaintiff argues that "not only did the ALJ err by failing to consider the factor of supportability as required by the regulations, the ALJ confusingly finds the statements by Ms. Hubbard persuasive all while reaching a conclusion that the contents contained within these statements are supportive of someone who would be able to maintain and sustain employment." [14] at 4. "Plaintiff argues that opinion evidence offered by Ms. Hubbard clearly supports a Favorable decision on behalf of Plaintiff and further supports her argument that Plaintiff would be unable to perform any jobs in the national economy and should thus be found disabled." *Id.*

The statement by Ms. Hubbard on June 20, 2022, states in relevant part:

> Tahkizalyn is now dependent on others in many activities of daily living in the community. Her impairments in functioning are attributed to physical limitations as well as those due to mental impairments. She requires support in health practices which involves taking care of health issues, managing her mood, taking medication as prescribed, and following up on medical appointments. The second area of concern is communication. She listens to people but appears confused/bewildered, has difficulty expressing her opinions/feelings, and has difficulty making her wishes known effectively. Problem solving is another area that has been rated as moderate impairment. She requires assistance with solving basic problems, asking questions for clarity, and setting expectations. Tahkizalyn's nature of illness leads to limitations on a daily basis. [emphasis added].

Tr. 1114.

A subsequent opinion statement was submitted by Ms. Hubbard on March 2, 2023, that further stated in relevant part:

Tahkizalyn has a desire to be independent as many young people her age. Her mental impairments attributes to how she functions in her daily life. She requires support in health practices which involves taking care of her health issues, managing her mood, taking medication as prescribed, and following up on medical appointments. The next area of concern is her ability to comprehend basis instructions. She listens to people but appears confused/bewildered, has difficulty expressing her opinions/feelings, and has difficulty making her wishes known effectively. Problem solving is another area that has been rated as moderate impairment. She requires assistance with solving basic problems, asking questions for clarity, and setting expectations. Coping skills are essential to restore her feelings of self-worth, competence, and being in control. [emphasis added].

Tr. 1115.

Plaintiff underwent an internal medicine CE in May 2021 by Dr. Jim Adams. The IMCE did not opine as to limitations. Nevertheless, the ALJ found that "the report did not support more than moderate exertional limitations." Tr. 19. Plaintiff also underwent a psychological consultative examination (PE) in May 2021 by Michael Whelan, Ph. D. Plaintiff did not spell simple words or calculate simple math correctly, and her achievement test scores were kindergarten equivalent. However, the ALJ found this opinion unpersuasive "because it did not provide the most that the claimant could perform, and Dr. Whelan indicated that the claimant malingered during testing." Tr. 19. The ALJ considered physical examinations performed in July 2020, October 2020, April 2021, and November 2022. Tr. 20. The ALJ noted that claimant's mental health records showed "conservative treatment for mental issues including talk therapy and medication, but no inpatient psychiatric admissions." Tr. 20. He also found that the record contained no objective evidence that the claimant had more than minimal limitations related to diabetes mellitus. Tr. 21.

The Fifth Circuit has noted that "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Therefore, the ALJ is only required to provide enough discussion of the evidence to allow for "meaningful judicial review." *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). The undersigned has also denied

a request for remand where the Plaintiff alleged that the ALJ did not provide an explicit discussion of the facts of supportability and consistency, but it was evident from the totality of the ALJ's decision that he properly considered these factors. *Cox v. Comm'r of Soc. Sec.*, 2022 WL 834294, at *3-4 (N.D. Miss. 2022).

In this case, the undersigned does not find merit in Plaintiff's argument. While the ALJ may not have explicitly used the "magic word" of "supportability" in his discussion of Ms. Hubbard's letters, the undersigned finds that Plaintiff's claim of error that the ALJ failed to properly consider the opinion of Ms. Hubbard without merit, and that substantial evidence supports the ALJ's finding. The ALJ's opinion shows consideration of Ms. Hubbard's June 2022 and March 2023 letters. The ALJ then found Ms. Hubbard's opinion was persuasive. Tr. 20. He concluded that Ms. Hubbard's opinion that Plaintiff had no more than moderate limitations in mental functioning was consistent with the medical evidence of record.

Although Plaintiff argues that there is no logical bridge between the evidence and the ALJ's persuasiveness finding, the undersigned disagrees. The ALJ cited to relevant medical evidence and noted in April and June 2021 visits with her primary care provider, Plaintiff denied anxiety, hyperactivity or withdrawn behavior, and she had an appropriate mood and affect and intact recent and remote memory. Tr. 22, 1086-1087, 1090. The ALJ acknowledged that Plaintiff's depressive disorder and PTSD were severe impairments and accounted for them in the RFC by limiting Plaintiff to simple, repetitive tasks, no fast production pace jobs, only occasional decision making and making no more than occasional changes in the workplace, and occasional interaction with public, supervisors and coworkers. Tr. 18, 23.

This case differs from *Cooley v. Commissioner*, 587 F. Supp. 3d 489, 500 (S.D. Miss. 2021). In *Cooley,* the ALJ's only specific discussion of the physician's medical opinion was a brief

statement that the physician's "treatment records" showed "generally unremarkable findings on physical exams." *Id.* Here, the ALJ provided much more insight into his review of Ms. Hubbard's June 2022 and March 2023 letters. This case also differs from *Clay v. Kijakazi*, 2022 WL 13989015 (N.D. Miss. 2022). In *Clay*, other than stating the elements of the nurse practitioner's opinion and concluding the opinion was not persuasive, the ALJ only devoted two sentences to explain the rejection of the provider's opinion. *Id.* at *5. Such is not the case with the ALJ in the instant case, who actually found Ms. Hubbard's opinions to be persuasive and incorporated them into the RFC.

Furthermore, the ALJ *is* permitted to find a report persuasive without adopting it verbatim. *See Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). As the Fifth Circuit emphasized in *Silva v. Kijakazi*: "As we've noted time and again, an 'ALJ is not always required to do an exhaustive point-by-point discussion' of the evidence she reviews." 2023 WL 3723628, at *1 (5th Cir. 2023), citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). The relevant question is not whether the ALJ presented an arbitrary level of detail, it is whether the decision contains a sufficient articulation to identify the evidentiary choices made by the finder of fact. Here, the Court finds there has been sufficient articulation of the evidence that supported the ALJ's RFC finding, and this Court is not permitted to reweigh the evidence.

## Conclusion

For the reasons stated above, the Commissioner's decision is hereby **AFFIRMED.**

**SO ORDERED,** this the 18th day of March, 2024.

*/s/ Jane M. Virden*
UNITED STATES MAGISTRATE JUDGE
